UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL LEE BLACKMON,

    Petitioner,

v.                                      Case No. 3:20cv5454-LC-HTC

SEC'Y OF FLA. DEP'T OF CORR.,
ATTY. GEN'L OF THE STATE OF FLA.,

    Respondents.
_____/

ORDER AND REPORT AND RECOMMENDATION

This cause is before the Court upon an amended petition under 28 U.S.C. § 2254 filed by Petitioner, Carl Lee Blackmon. ECF Doc. 5. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the amended petition be DISMISSED as an unauthorized successive petition barred under 28 U.S.C. § 2244(b).

I.     **BACKGROUND**

In 2004, Blackmon was convicted of and sentenced as follows in Escambia County case number 2004-CF-2181A: 15 years for sexual battery; life for burglary with assault or battery; and one year for battery, with all the sentences running

consecutively. The instant amended petition challenges this conviction and sentencing and raises four grounds of relief based on ineffective assistance of trial counsel. As discussed further below, this is Blackmon's fourth filing under § 2254 attacking his 2004 judgment of conviction.

## II. LEGAL STANDARDS

### A. Dismissal Under Habeas Rule 4

Under Habeas Rule 4, "the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Thus, Rule 4 requires district courts to dismiss § 2254 petitions *sua sponte* and without ordering the Secretary to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020). *See* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). This screening procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

A dismissal under Rule 4 may be appropriate both on the merits and a finding that the petition is procedurally barred. *Paez*, 947 F.3d at 649 (citing *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A district court may *sua*

Case No. 3:20cv5454-LC-HTC

*sponte* dismiss a § 2254 petition if the petition's untimeliness is 'clear from the face of the petition itself.'"); *McMillan v. Cooks*, 2018 WL 6835918, at *1 (S.D. Ala. Nov. 16, 2018) (dismissing petition under Rule 4 on grounds that court lacked jurisdiction over unauthorized second or successive petition); *Roberts v. Noe*, 2019 WL 1905176, at *1 (N.D. Ala. Apr. 15, 2019) (same). In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the dockets of other courts and other cases. *Paez*, 947 F.3d at 649 (Court records comply with the requirements of Federal Rule of Evidence 201, which permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (citing *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010))).

      **B.    Pre-Authorization Requirement For Successive Petitions Under 28 U.S.C. § 2244(b)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an

appellate court.  *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

### III.  ANALYSIS

Blackmon admits the instant amended petition is not his first.  In his amended petition, he states that his first petition was dismissed as "procedurally barred."  ECF Doc. 5 at 7-8.  There is also no dispute that Blackmon has not received permission from the Eleventh Circuit to file the instant petition.  Blackmon states, however, that the first petition was not adjudicated on the merits but was dismissed for failure to exhaust.  It is on that basis that Blackmon appears to be contending the instant amended petition is not successive.  The undersigned disagrees.

The Eleventh Circuit recognizes "that the phrase 'second or successive' is 'not self-defining' and does not 'refer to all habeas applications filed second or successively in time.'"  *Selden v. Warren*, 799 F. App'x 810, 811 (11th Cir. 2020) (quoting *Stewart*, 646 F.3d at 859).  Instead, a second petition is successive if it challenges the same judgment as the first and the first was denied on the merits or dismissed with prejudice.  *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999).  Conversely, when a first petition is not considered on the merits but dismissed

without prejudice to allow the petitioner to exhaust his state remedies, the second petition is "treated as 'any other first petition' and is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (finding a second petition not successive where "the initial petition was dismissed without condition and without prejudice" to allow petitioner to return to state court to exhaust state remedies) (quoting *Stewart v. Martinez–Villareal,* 523 U.S. 637, 644 (1998)).

Blackmon attempts to fit his case into this exception. However, Blackmon is wrong because the grounds of his first petition were dismissed on the merits and as procedurally defaulted. In 2008, Blackmon filed a § 2254 petition challenging the same 2004 conviction and raising ten (10) claims. *See Blackmon v. Pippin*, 3:08-cv-00510-RV-EMT (N.D. Fla. 2008).[1] The court denied Ground One – that the convictions for sexual battery and battery in separate counts violated Double Jeopardy – on the merits. *Id.* at ECF Docs. 29 & 34 (Report and Recommendation and Order adopting it). The court found that Petitioner had withdrawn Ground Two and it denied Grounds Three and Four – raising speedy trial and extradition issues -- on the merits. *Id.* The court also found that Grounds Five through Ten, based on various IATC claims, were procedurally defaulted. *Id.*

---

[1] Blackmon also filed a § 2254 petition attacking the 2004 judgment and conviction in 2006, but voluntarily dismissed that action prior to service. *See Blackmon v. Crist*, 3:06-cv-00307-RV-EMT (N.D. Fla. 2006).

Case No. 3:20cv5454-LC-HTC

Specifically, the Report and Recommendation, adopted by the district court, determined that "Petitioner's claims are procedurally defaulted from obtaining federal review because they were raised in the Rule 3.850 court and that court rejected the claims on independent and adequate state grounds. . . . The petitioner has not shown 'cause for the default and actual prejudice resulting therefrom,' or a fundamental miscarriage of justice, so as to excuse the default." *Id.* Thus, this is not a case where the initial petition contained exhausted and unexhausted claims and a petitioner was allowed to return to state court, exhaust the claims, and refile the federal petition "without conditions or prejudice." Instead, Blackmon's first petition was denied on grounds of unexcused procedural default, which constitutes a disposition on the merits. Thus, the instant amended petition is successive. *See Young v. Sec., Fla. Dep't of Corr.*, 697 F. App'x 660, 661-62 (11th Cir. 2017) ("a denial on grounds of [unexcused] procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive'") (quoting *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005)).

Indeed, the instant amended petition is not Blackmon's first successive petition. Rather, in December 2012 (docketed January 2013), Blackmon filed a second § 2254 petition challenging the same conviction and asserting one ground for relief based on ineffective assistance of counsel. *See Blackmon v. Crews*, 3:13-cv-00003-RV-EMT (N.D. Fla. 2013). Magistrate Judge Timothy recommended that the petition be dismissed as an unauthorized successive § 2254 petition. *Id.* in ECF

Case No. 3:20cv5454-LC-HTC

Doc. 8. Blackmon filed an objection, noting that he had applied to the Eleventh Circuit for leave to file a second petition, and that the Eleventh Circuit determined such application was unnecessary if he was seeking to renew his efforts to overcome the procedural bar to his ineffective assistance of counsel claims by relying on *Martinez v. Ryan*. *Id.* at ECF Doc. 9.

After reviewing the Eleventh Circuit decision, Judge Timothy issued a Supplement to Report and Recommendation, once again recommending dismissal, and noting that the Eleventh Circuit's dicta "does not diminish the Eleventh Circuit's express denial of Petitioner's application for leave to file a second or successive petition; it simply supports the Eleventh Circuit's conclusion that Petitioner failed to meet the requirements for filing a second or successive habeas petition, and he must pursue relief through a different vehicle." *Id.* at 11. Judge Vinson adopted the Report and Recommendation and dismissed the case. *Id.* at ECF Doc. 13. The Eleventh Circuit denied a certificate of appealability and, in doing so, stated "[t]o the extent that Blackmon wishes to rely on *Martinez v. Ryan*, 566 U.S. 1 (2012), to support his effort to overcome the procedural bar of his claim of ineffective assistance of trial counsel, he may do so by filing, in his original § 2254 proceeding (Case No. 3:08-cv-00510), a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)." *Id.* at ECF Doc. 21 (citation for *Martinez* updated).

Petitioner filed a motion for relief from judgment in 3:08-cv-510, which was denied by the district court. *See* 3:08-cv-510 at ECF Docs. 51, 54, and 56. The

Case No. 3:20cv5454-LC-HTC

Eleventh Circuit also denied the certificate of appealability. *See id.* at ECF Docs. 64, 65. Undeterred, in 2015, Blackmon filed a (third) § 2254 petition challenging the same 2004 conviction. *See Blackmon v. Secretary*, 3:15-cv-00433-MCR-CAS (N.D. Fla. 2015). Although Blackmon raised the same grounds for relief as in his prior petitions, he contended that the petition was not successive because a corrected judgment was entered in November 2014, and this petition was the first attacking that corrected judgment. *Id.* at ECF Doc. 1. The State moved to dismiss the petition as successive and Blackmon voluntarily dismissed the petition. *Id.* at ECF Docs. 8, 9.

Blackmon's current (fourth) action under § 2254 attacking his 2004 conviction fares no better. As with its predecessors, the instant amended petition is successive, and this Court lacks jurisdiction to entertain it.

**IV.   CONCLUSION**

    **A.   *Sua Sponte* Dismissal Is Appropriate Since The Report And Recommendation Provides Notice And An Opportunity To Be Heard**

Because the amended petition is an unauthorized successive petition, the petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte*

dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)).

This Report and Recommendation provides Blackmon an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

Additionally, the undersigned will also direct the clerk to provide the Secretary and the Attorney General's office a copy of the petition and this Report and Recommendation so that the Secretary will also have an opportunity to respond to the Report and Recommendation. *See Paez*, 947 F.3d at 649.

### B. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations,

Case No. 3:20cv5454-LC-HTC

which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether Blackmon's petition is successive does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in entitling him to relief and is not warranted.

### C. Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

Case No. 3:20cv5454-LC-HTC

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall serve a copy of the amended petition (ECF Doc. 5) and this Order and Report and Recommendation to the Respondent, Secretary of the Florida Department of Corrections, Mark Inch, by providing a copy of same to the Secretary and to the Florida Attorney General. Despite such service of the petition, under Rule 4 of the Rules Governing § 2254 Cases and because the recommendation is that the amended petition be dismissed, the Respondent may, but does not have to, file an answer, motion, or other response.

Additionally, it is respectfully RECOMMENDED:

1. That the amended petition, ECF Doc. 5, be DISMISSED under Habeas Rule 4.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.